12/17/21, 1:32 PM                    Case Detail - Public - Broward County Clerk of Courts



 Menu ≡

The Clerk's Office will be closed on Thursday & Friday, December 23rd & 24th in observance of Christmas Day

**Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

# Case Detail - Public

 🖶 Print

---

**Chantal Williams Plaintiff vs. Spirit Airlines, Inc Defendant**

**Broward County Case Number:** CACE21018302
**State Reporting Number:** 062021CA018302AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 10/01/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 02 Bowman, John B.

---

— Party(ies)                                                    Total: 2



| Party Type | Party Name | ❓ Address | ❔ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|

12/17/21, 1:32 PM                                          Case Detail - Public - Broward County Clerk of Courts

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Williams, Chantal** | | ★ Rush, Christopher John<br>Retained<br>Bar ID: 621706<br>Christopher J. Rush & Associates, P.A<br>Compson Financial Center, Suite 205<br>1880 North Congress Avenue<br>Boynton Beach, FL 33426-0000<br>**Status: Active** |
| Defendant | **Spirit Airlines, Inc** | | |

---

### ▬ Disposition(s)                                                          Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

---

### ▬ Event(s) & Document(s)                                                  Total: 10

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 11/19/2021 | **Summons Returned Served** | 11/18/2021<br>Party: *Defendant* Spirit Airlines, Inc | 📄 | 5 |
| 11/01/2021 | **eSummons Issuance - On Amended** | SPIRIT AIRLINES, INC | 📄 | 4 |
| 11/01/2021 | **Amended Complaint** | CHANTALL WILLIAMS | 📄 | 10 |
| 10/13/2021 | **No Summons Issued** | | | |
| 10/04/2021 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | NONE | 📄 | 1 |
| 10/01/2021 | **Per AOSC20-23 Amd12, Case is determined General** | | | |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 10/01/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 10/01/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Williams, Chantal | 📄 | 5 |
| 10/01/2021 | **Request for Production** | Party: *Plaintiff* Williams, Chantal | 📄 | 7 |
| 10/01/2021 | **Notice of Propounding Interrogatories** | Party: *Plaintiff* Williams, Chantal | 📄 | 1 |

---

— Hearing(s)                                                                 Total: 0

There is no Disposition information available for this case.

---

— Related Case(s)                                                            Total: 0

There is no related case information available for this case.

## Brenda D. Forman

## Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                    >

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us                                                              ⌃

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)          >

12/17/21, 1:32 PM                          Case Detail - Public - Broward County Clerk of Courts

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                               >

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)                 >

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                                  >

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                                         >

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                                           ♿

PRINT                                                                                       🖶

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)               »

## Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) >
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) >
*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2021 - All rights reserved

Case Number: CACE-21-018302 Division: 02

Filing # 135740302 E-Filed 10/01/2021 12:17:05 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY FLORIDA

CASE NO.

CHANTAL WILLIAMS,

    Plaintiff,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to do
business in the State of Florida,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT

    COMES NOW the Plaintiff, CHANTAL WILLIAMS, by and through her undersigned

attorneys, and hereby gives notice of propounding Plaintiff's First Set of Interrogatories upon the

Defendant, SPIRIT AIRLINES, INC., to be answered in writing and under oath within forty-five (45)

days from the date of service hereof, in accordance with the applicable Florida Rules of Civil

Procedure.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing was furnished to OJF Services, Inc.,

for service of process on the Defendant, SPIRIT AIRLINES, INC..

                CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
                Attorneys for Plaintiff
                Compson Financial Center, Suite 205
                1880 North Congress Avenue
                Boynton Beach, FL 33426
                561-369-3331
                561-369-5902 (fax)
                E-mail: crush@crushlawfl.com
                E-mail: eservice@crushlawfl.com

                By_____*/s/ Christopher J. Rush*_____
                    Christopher J. Rush (FBN 621706)

Case Number: CACE-21-018302 Division: 02

Filing # 135740302 E-Filed 10/01/2021 12:17:05 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY FLORIDA

CASE NO.

CHANTAL WILLIAMS,

       Plaintiff,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to do
business in the State of Florida,

       Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT

       Plaintiff, CHANTAL WILLIAMS, by and through her undersigned counsel, pursuant to the

Florida Rules of Civil Procedure, hereby requests the Defendant, SPIRIT AIRLINES, INC., to

produce the following documents and information within forty-five (45) days from the date of

service hereof.

## DEFINITIONS

       For purposes of this Request for Production, the following definitions apply:

       1.     The term "you" or "your" means the party or parties to which this request is

addressed, including their divisions, departments, subsidiaries, owners, agents and all other persons

acting or purporting to act on its behalf as well as each partnership in which it is a partner.

       2.     The term "document" means (i) all writing of any kind, including the originals and

all nonidentical copies, whether different from the original by reason of any notation made on such

copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries,

statistics, letters, messages, telegrams, minutes, contracts, agreements, reports, test results, studies,

checks, drafts, statements, bills, receipts, ledgers, invoices, summaries, pamphlets, books, prospectus, interoffice and intraoffice communications, offers, confirmations, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes and amendments of any of the forgoing; (ii) graphic or oral records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures, and (iii) electronic, mechanical, electrical or magnetic records or representations of any kind, including, without limitation, tapes cassettes, discs and/or recordings.

3.    The term "person" means any natural person, corporation, partnership, proprietorship, association, organization or group of natural persons.

4.    The term "Plaintiff" means the Plaintiff, CHANTAL WILLIAMS.

5.    The term "Defendant" means the Defendant, SPIRIT AIRLINES, INC., including its divisions, departments, subsidiaries, owners, agents and all other persons acting or purporting to act on its behalf as well as any partnership in which it is a partner.

6.    The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation, and other similar records. For purposes of this Request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records, or insurance benefits, except as pertaining to Plaintiff's records.

## **INSTRUCTIONS**

1.      Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), date, addresses (if any), general subject matter, present depository and present custodian, and a complete statement of the ground(s) for the claim of privilege should be set forth.

2.      If it is maintained that any document which is requested has been destroyed, set forth the contents of the documents, the date of such destruction, and the name of the person who authorized or directed such destruction.

3.      If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

4.      The time period for this document request shall be from January 1, 2018 to the date of production, unless otherwise stated.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Defendant's Employee Handbook covering the time period during which Plaintiff was employed by Defendant.

2.  Any and all employee handbooks which you gave to Plaintiff during her employment with you.

3.  A copy of any and all employment practices liability insurance policy in place during the time of Plaintiff's employment with Defendant.

4.  A copy of Plaintiff's entire employment, personnel, and disciplinary file covering her entire employment with Defendant.

5.  Any and all e-mails within Defendant's custody in any way related to Plaintiff's employment, including but not limited to:

    a.  e-mails from Plaintiff to any one within Defendant, whether same be a co-employee, manager, or otherwise;
    b.  e-mails to and from Plaintiff by Defendant;
    c.  any and all disciplinary notices directed at or about Plaintiff; and
    d.  memos of any alleged counseling between any Defendant manager and Plaintiff.

6.  Copies of any and all interoffice memoranda, e-mails, or any other form of written or oral communication between or among Defendant employees in any way related to the employment or termination of Plaintiff.

7.  Any and all documents which reflect or set forth Plaintiff's job duties and responsibilities during her employment with you.

8.  Any and all witness statement(s) related to Plaintiff's discipline and/or termination.

9.  Any and all human resources/employee relations documents pertaining to any disciplinary actions against the Plaintiff.

10. Any and all documents relating to or evidencing any investigation by Defendant into alleged customer complaints about Plaintiff including, but not limited to:

    a.   written statements of witnesses;

    b.   notes of interviews with witnesses;

    c.   tape recordings of any and all oral statements and/or interviews of witnesses;

    d.   transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

    e.   reports regarding the results of any and all investigations;

    f.   correspondence received from or sent to Plaintiff;

    g.   correspondence received from or sent to Defendant;

    h.   correspondence received from or sent to any person other than Defendant's counsel;

    i.   documents relating to or evidencing discussion between Plaintiff and Defendant;

    j.   documents relating to or evidencing discussions between Defendant and any persons other than Defendant's counsel; and

    k.   documents received from or sent to any person other than Defendant's counsel.

11. Employee disciplinary files dating from January 1, 2018 to the present of Carlos Zareto Imperio. (Plaintiff is not requesting private financial information related to pay or benefits or any records of any medical nature. Plaintiff is specifically seeking information regarding issues of employee discipline or performance evaluations.)

12. Employee disciplinary files dating from January 1, 2018 to the present of Angela Hobbins. (Plaintiff is not requesting private financial information related to pay or benefits or any records of any medical nature. Plaintiff is specifically seeking information regarding issues of employee discipline or performance evaluations.)

13. For the period from six (6) months prior to Plaintiff's termination to six (6) months subsequent to Plaintiff's termination, the personnel files of each and every Defendant employee who was terminated for violation of Defendant's no call/no show rules.

14. The name of the persons/employees, including name and address, who were present when Plaintiff was terminated.

15. The name of the manager, including name and address, who was present when Plaintiff was terminated.

16.   Any and all employee records within the possession of Defendant in any way related to or pertaining to Plaintiff.

17.   The name of the management employee/supervisor, including their address, at the time Plaintiff was accused of violating Defendant's no call, no show attendance policy.

18.   Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of unpaid overtime claims made against Defendant (other than those filed by Plaintiff) from January 1, 2019, to the present.

19.   Any and all documents which reflect or set forth Plaintiff's job duties and responsibilities during his employment with you.

20.   Original copies or true copies thereof of all payroll records and records of hours worked during Plaintiff's employment with Defendant.

21.   Original copies or true copies thereof of records showing the hours worked each workday and the total hours worked each week by Plaintiff during her employment with Defendant.

22.   Original copies or true copies thereof of records showing the regular rates of pay and any premium for overtime hours including date of payment and the pay periods covered which was paid to Plaintiff during her employment with Defendant.

23.   Original copies or true copies thereof of records showing the hours worked each workday and total hours worked each workweek by Plaintiff during her employment with Defendant.

24.   W-2s and 1099s for the years 2017 to the present provided to Plaintiff.

25.   Any and all documents that Defendant intends to use to support its claim(s) in the matters that are not specifically requested herein.

26.   All documents referred to by Defendant in answering Plaintiff's 1st Set of Interrogatories to Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished to OJF Services, Inc.,

for service of process on the Defendant, SPIRIT AIRLINES, INC.

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com
E-mail: eservice@crushlawfl.com

By_____*/s/ Christopher J. Rush*_____
       Christopher J. Rush   (FBN 621706)

Case Number: CACE-21-018302 Division: 02

Filing # 135740302 E-Filed 10/01/2021 12:17:05 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

CHANTAL WILLIAMS,

      Plaintiff,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to do
business in the State of Florida,

      Defendant.

_____/

## C O M P L A I N T

COMES NOW, the Plaintiff, CHANTAL WILLIAMS, by and through her undersigned attorneys, and hereby files her Complaint against the Defendant, SPIRIT AIRLINES, INC., a Delaware corporation authorized to do business in the State of Florida, and alleges:

1.      This is a proceeding for declaratory and injunctive relief and monetary damages to redress deprivation of rights secured to Plaintiff, CHANTAL WILLIAMS (hereinafter referred to as "Plaintiff"), by the Civil Rights Act, 42 U.S.C. § 1981 for all available relief thereunder, including attorney's fees and costs pursuant to 42 U.S.C. § 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and § 1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure relief under 42 U.S.C. § 1981.

2.      This is also an action for breach of contract to pay wages.

3.      Plaintiff was employed since 2013 by Defendant, SPIRIT AIRLINES, INC. (hereinafter referred to as "Defendant").

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/01/2021 12:17:03 PM.****

4.      Plaintiff's performance at Defendant was always commendable.

5.      Plaintiff is an African American.

6.      Defendant is a Delaware corporation authorized to do business in the State of Florida and was doing business at all times material hereto as an airline in Broward County, Florida.

7.      At all times material hereto, Defendant was an employer subject to the requirements of 42 U.S.C § 1981.

8.      Plaintiff was employed by the Defendant as a ticket agent.  The majority of her management team were of Spanish Latin descent.

9.      Plaintiff had many years of competent service with Defendant.

10.     Plaintiff was accused by Defendant as a no call, no show.  In fact, Plaintiff, on the occasion in question, did show (although late) and did call.

11.     In any event Plaintiff was terminated, even though under Defendant's own point system, Plaintiff fell short of the number of points required to terminate an employee.

12.     Many non African American Latino employees committed more numerous and more serious violations of the no call, no show policy who were not terminated by their non African American Latino superiors in management.

13.     Those Latin American co-employees of Plaintiff were Carlos Zareto Imperio and Angela Hobbins, who both committed more serious violations of the same no call, no show policy and who were not terminated.

## COUNT I:  DISCRIMINATION TERMINATION IN VIOLATION OF U.S.C. § 1981

14.     Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

15.     Plaintiff was terminated in late January 2020.  Defendant contended it terminated Plaintiff based upon the no call, no show attendance policy.  Plaintiff alleges herein she was discriminated because of her race in violation of her race African American, in violation of 42 U.S.C. § 1981, as amended.

16.     Plaintiff's management was largely Latin Latino and of Spanish descent.  Plaintiff's termination based upon the alleged aforesaid policy violation was a pretext and was a result of management's discrimination against African Americans.

17.     The decision to terminate Plaintiff for an alleged violation of work rules was motivated by Plaintiff's race and Plaintiff's race was a substantial motivating factor in unequal application of discipline which resulted in Plaintiff's termination.  As a result and proximate cause of said illegal discrimination and termination, Plaintiff has been damaged and incurred losses as follows;

a.      mental pain and suffering, past, present and future;

b.      humiliation and stress relative to this stigma of termination;

c.      a first time mark on her criminal record;

d.      loss of income, past, present and future;

e.      impairment to earning capacity; and

f.      loss of employee benefits, past, present and future.

WHEREFORE, Plaintiff, CHANTAL WILLIAMS, respectfully requests entry of a judgment against Defendant, SPIRIT AIRLINES, INC., for damages, attorney's fees and costs pursuant to 42 U.S.C § 1981, trial by jury, and any and all other equitable and injunctive relief deemed necessary to bring Defendant in compliance with 42 U.S.C § 1981, including reinstatement and an award of

punitive damages for the clear, willful, wanton, and intentional nature of Defendant's intentionally discriminatory conduct.

## COUNT II:  BREACH OF CONTRACT TO PAY WAGES

18.     Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

19.     According to Defendant's Little Yellow Book provided to each and every employee, including Plaintiff, at the commencement of employment, a certain agreement was placed in writing regarding payment of hours over 40 hours a week.  Pursuant to said agreement proffered by Defendants to Plaintiff at the commencement of employment and notwithstanding any law to the contrary, Defendant agreed to pay its hourly team members one and one half their regular rate of pay for hours worked in excess of 40 hours in one workweek.

20.     For the last four years of her employment, Plaintiff worked a total of 42.5 hours per week but was never compensated for the 2.5 hours over 40 hours.

21.     Defendant's refusal to pay pursuant to its own contractual agreement is a substantial material breach of its agreement to pay its hourly team members one and one half their regular rate of pay for hours worked in excess of 40 hours in one workweek.  In fact, Plaintiff was not paid any compensation for the 2.5 hours per week she worked as overtime.  As a consequence of the Defendant's material substantial breach, Plaintiff has lost significant wages in income.

WHEREFORE, Plaintiff, CHANTAL WILLIAMS, demands judgment against the Defendant, SPIRIT AIRLINES, INC., for the payment of all overtime hours at one and one half her regular rate of pay due her for the hours worked by her for which she has not been properly

compensated, liquidated damages, reasonable attorney's fees and costs of this lawsuit pursuant to

F.S. § 408.08, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHANTAL WILLIAMS, demands a trial by jury on all issues so triable.

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail:  crush@crushlawfl.com
E-mail:  eservice@crushlawfl.com

By_____ */s/ Christopher J. Rush*_____
Christopher J. Rush    (FBN 621706)

Case Number: CACE-21-018302 Division: 02
Filing # 135740302 E-Filed 10/01/2021 12:17:05 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Chantal Williams</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Spirit Airlines, Inc.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>2</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Christopher J Rush</u>        Fla. Bar # <u>621706</u>
        Attorney or party              (Bar # if attorney)

<u>Christopher J Rush   </u>        <u>10/01/2021</u>
  (type or print name)            Date

***FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 10/4/2021 4:30:00 PM.****

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

*Chantal Williams*

_____
Plaintiff

VS

*Spirit Airlines, Inc*

_____
Defendant

Case No: *Cace21-18300*

*02*

Judge Division: _____



FILED
OCT 0 4 2021
By _____

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC:
"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:

*None*

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

Filing # 137668018 E-Filed 11/01/2021 04:26:48 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE-21-018302

CHANTALL WILLIAMS,

      Plaintiff,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to do
business in the State of Florida,

      Defendant.

_____/

## <u>AMENDED COMPLAINT</u>

      COMES NOW, the Plaintiff, CHANTALL WILLIAMS, by and through her undersigned

attorneys, and hereby files her Complaint against the Defendant, SPIRIT AIRLINES, INC., a

Delaware corporation authorized to do business in the State of Florida, and alleges:

      1.     This is a proceeding for declaratory and injunctive relief and monetary damages to

redress deprivation of rights secured to Plaintiff, CHANTALL WILLIAMS, by the Civil Rights Act,

42 U.S.C. § 1981 for all available relief thereunder, including attorney's fees and costs pursuant to

42 U.S.C. § 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and §

1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or

to secure relief under 42 U.S.C. § 1981.

      2.     This is also an action for breach of contract to pay wages.

      3.     Plaintiff was employed since September 2013 by Defendant, SPIRIT AIRLINES,

INC.

4.    Plaintiff's performance at Defendant was always commendable.

5.    Plaintiff is an African American.

6.    Defendant is a Delaware corporation authorized to do business in the State of Florida and was doing business at all times material hereto as an airline in Broward County, Florida.

7.    At all times material hereto, Defendant was an employer subject to the requirements of 42 U.S.C § 1981.

8.    Plaintiff was employed by the Defendant as a ticket agent. The majority of her management team were of Spanish Latin descent.

9.    Plaintiff had many years of competent service with Defendant.

10.    Plaintiff was accused by Defendant as a no call, no show. In fact, Plaintiff, on the occasion in question, did show (although late) and did call.

11.    In any event Plaintiff was terminated, even though under Defendant's own point system, Plaintiff fell short of the number of points required to terminate an employee.

12.    Many non African American Latino employees committed more numerous and more serious violations of the no call, no show policy who were not terminated by their non African American Latino superiors in management.

13.    Those Latin American co-employees of Plaintiff were Carlos Zarate Apario and Angela Hobbins, who both committed more serious violations of the same no call, no show policy and who were not terminated.

**COUNT I:  DISCRIMINATION TERMINATION IN VIOLATION OF U.S.C. § 1981**

14.    Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

15.     Plaintiff was terminated in late January 2020.  Defendant contended it terminated Plaintiff based upon the no call, no show attendance policy.  Plaintiff alleges herein she was discriminated because of her race in violation of her race African American, in violation of 42 U.S.C. § 1981, as amended.

16.     Plaintiff's management was largely Latin Latino and of Spanish descent.  Plaintiff's termination based upon the alleged aforesaid policy violation was a pretext and was a result of management's discrimination against African Americans.

17.     The decision to terminate Plaintiff for an alleged violation of work rules was motivated by Plaintiff's race and Plaintiff's race was a substantial motivating factor in unequal application of discipline which resulted in Plaintiff's termination.  As a result and proximate cause of said illegal discrimination and termination, Plaintiff has been damaged and incurred losses as follows;

    a.     mental pain and suffering, past, present and future;

    b.     humiliation and stress relative to this stigma of termination;

    c.     a first time mark on her criminal record;

    d.     loss of income, past, present and future;

    e.     impairment to earning capacity; and

    f.     loss of employee benefits, past, present and future.

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, respectfully requests entry of a judgment against Defendant, SPIRIT AIRLINES, INC., for damages, attorney's fees and costs pursuant to 42 U.S.C § 1981, trial by jury, and any and all other equitable and injunctive relief deemed necessary to bring Defendant in compliance with 42 U.S.C § 1981, including reinstatement

and an award of punitive damages for the clear, willful, wanton, and intentional nature of Defendant's intentionally discriminatory conduct.

### COUNT II:  BREACH OF CONTRACT TO PAY WAGES

18.     Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

19.     According to Defendant's Little Yellow Book provided to each and every employee, including Plaintiff, at the commencement of employment, a certain agreement was placed in writing regarding payment of hours over 40 hours a week.  Pursuant to said agreement proffered by Defendants to Plaintiff at the commencement of employment and notwithstanding any law to the contrary, Defendant agreed to pay its hourly team members one and one half their regular rate of pay for hours worked in excess of 40 hours in one workweek.

20.     For the last four years of her employment, Plaintiff worked a total of 42.5 hours per week but was never compensated for the 2.5 hours over 40 hours.

21.     Defendant's refusal to pay pursuant to its own contractual agreement is a substantial material breach of its agreement to pay its hourly team members one and one half their regular rate of pay for hours worked in excess of 40 hours in one workweek.  In fact, Plaintiff was not paid any compensation for the 2.5 hours per week she worked as overtime.  As a consequence of the Defendant's material substantial breach, Plaintiff has lost significant wages in income.

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, demands judgment against the Defendant, SPIRIT AIRLINES, INC., for the payment of all overtime hours at one and one half her regular rate of pay due her for the hours worked by her for which she has not been properly

compensated, liquidated damages, reasonable attorney's fees and costs of this lawsuit pursuant to
F.S. § 408.08, and for such other and further relief as this Court deems just and proper.

## COUNT III:  CLAIM FOR MINIMUM WAGE UNDER STATE LAW

22.     Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set
forth herein.

23.     This count sets forth a claim for damages by Plaintiff for Defendant's failure to pay
minimum wage provisions of the Florida Constitution as implemented through the Florida Minimum
Wage Act, Fla. Stat. § 448.110.

24.     The Defendant failed to pay Plaintiff in compliance with the minimum wage
requirements of the Florida Minimum Wage Act.  The applicable minimum hourly wage was $8.05
in 2016; $8.10 in 2017; $8.25 in 2018; $8.46 in 2019; and $8.56 in 2020.

25.     Plaintiff performed work as an employee for Defendant in Broward County, Florida
from September 2013 to January 2020.

26.     Defendant owns and operates an airline business with its home base located in
Broward County, Florida.

27.     At all times material hereto, Plaintiff worked a full time schedule that generally
consisted of 42.5 hours per week, but she was not paid for 2.5 hours per week.

28.     This action is brought to recover from Defendant unpaid and/or inaccurately
calculated minimum wage compensation, liquidated damages, costs of this action, and reasonable
attorney's fees under the Florida Minimum Wage Act.

29.     Plaintiff has performed alll conditions precedent to the filing of this action under the
Florida Minimum Wage Act in accordance with Fla. Stat. § 448.110(6)(a), but Defendant has failed

to pay the total amount of unpaid wages or otherwise resolve the claims to the satisfaction of Plaintiff. Attached as **Exhibit A** is Plaintiff's presuit demand and proof of service.

30.     As a result of Defendant's violations of the Florida Minimum Wage Act as described in this Count, the Plaintiff is entitled to recover the amount of her unpaid minimum wages and an equal amount as liquidated damages pursuant to Fla. Stat. § 448.110(6)(c).

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, demands judgment against the Defendant SPIRIT AIRLINES, INC., for the payment of all minimum wage hours for the hours worked by Plaintiff for which she has not been properly compensated, liquidated damages, reasonable attorney's fees and costs of this lawsuit, and for such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHANTALL WILLIAMS, demands a trial by jury on all issues so triable.

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail:  crush@crushlawfl.com
E-mail:  eservice@crushlawfl.com

By_____*/s/ Christopher J. Rush*_____
        Christopher J. Rush    (FBN 621706)

Page 6 of 6

# EXHIBIT "A"

# CHRISTOPHER J. RUSH & ASSOCIATES, P.A.



*Christopher J. Rush, Esquire*
*(Board Certified and Certified Mediator)*
*Lynne Myers, Florida Registered Paralegal*

*Labor and Employment Law*

October 12, 2021

**Certified Mail, Return Receipt Requested**
**No. 7015 0640 0001 1504 5173**

Spirit Airlines, Inc.
Attn: Laurie Villa, Senior Vice President and
Chief Human Resources Officer
2800 Executive Way
Miramar, FL 33025

> **Re:** **Statutory Notice for Unpaid Overtime**
> **Per Florida Statute § 448.110(6)(a)**
> **Our Client: Chantal Williams**

Dear Ms. Villa:

Please be advised that this law firm has been retained to represent the interests of Chantal Williams and her claim for unpaid minimum wages over a five period as described below. Miss Chantal was an employee of some seven years tenure when she was terminated in early 2020. During the last five years of her employment, Chantal Williams worked 2.5 hours per week for which she was not compensated, therefore, please consider this a demand under Florida Statute § 448.110 for payment of unpaid minimum wage in the following amounts and for the following years:

A.  For the time period October 1, 2016 through December 31, 2016: 2.5 hours times 13 weeks (2.5 times 13 equals 32.5) 32.5 hours times $8.05 for a total of **$261.62**;

B.  For the year 2017: 2.5 hours each and every week (2.5 times 52 equals 130); 130 hours times $8.10 per hour for a total of **$1,053.00**;

C.  For the year 2018: 2.5 hours each and every week (2.5 times 52 equals 130); 130 hours times $8.25 per hour for a total of **$1,072.50**;

Spirit Airlines, Inc.
Attn: Laurie Villa, Senior Vice President and
Chief Human Resources Officer
October 12, 2021
Page 2

D.     For the year 2019: 2.5 hours each and every week (2.5 times 52 equals 130); 130 hours times $8.46 per hour for a total of **$1,099.80**; and

E.     For the year 2020: 2.5 hours times 3 weeks (2.5 times 3 equals 7.5); 7.5 hours times $8.56 per hour for a total of **$64.20**.

On behalf of my client Chantal Williams, we demand payment of the amount of $3,551.12 to be issues directly to Chantal Williams.

Very truly yours,

Christopher J. Rush

CJR/lkm

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

Hollywood, FL 33025

| | |
|---|---|
| Certified Mail Fee | $3.75 |
| | 0260 |
| | 09 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postmark Here | |
| Postage | $0.58 |
| Total Postage and Fees | $7.38 |
| | 10/12/2021 |

Sent To *Spirit Airlines/Laurie Villa, Chief HR Ofcr*
Street and Apt. No., or PO Box No. *2800 Executive Way*
City, State, ZIP+4 *Miramar, FL 33025*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 0640 0001 1504 5173

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Spirit Airlines, Inc.*
*Attn: Laurie Villa, S-VP + Chief HR Ofcr*
*2800 Executive Way*
*Miramar, FL 33045*

9590 9402 5139 9122 1860 85

2. Article Number (Transfer from service label)

7015 0640 0001 1504 5173

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 14 2021

T AIRLINES
SUPERVISOR

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Filing # 137668018 E-Filed 11/01/2021 04:26:48 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY FLORIDA

CASE NO. CACE-21-018302

CHANTALL WILLIAMS,

      Plaintiffs,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to
do business in the State of Florida,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of
the Complaint in this lawsuit on the below-named Defendant:

**SPIRIT AIRLINES, INC.**
**By Serving:  CORPORATION SERVICE COMPANY, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

## IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after the date of
service of this Summons is served on you to file a written response to the attached Complaint with
Clerk of the County Court, Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale,
FL 33301.  A phone call will not protect you. Your written response, including the case number
given above and the names of the parties, must be filed if you want the Court to hear your side of the
case. If you do not file your response on time, you may lose the case, and your wages, money, and
property may thereafter be taken without further warning from the Court. There are other legal
requirements. You may want to call an attorney anyway. If you do not know an attorney, you may
call an attorney referral service or legal aid office (listed in the phone book).

Page 1 of 4

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Christopher J. Rush, Esquire
Christopher J. Rush & Associates, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail:  crush@crushlawfl.com: eservice@crushlawfl.com

NOV 02 2021

DATED:_____

BRENDA D. FORMAN
CLERK OF THE COURT

By:_____
Deputy

BRENDA D. FORMAN

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo do esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telfonica no lo protegra. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea reponder a la demanda por au cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la perona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des pousuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consectifs a partir del la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat   ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## AMERICANS WITH DISABILITIES ACT

Pursuant to Administrative Order No. 2.031-6/93 all communications noticing court proceedings shall include the language stated below. Please use the following statement set forth in English, Creole, French and Spanish. Please attach this statement to the original pleading and to one copy of service.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740, 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay System.

Dapre' ako ki get avek Americans with Disability Act, tout moun ki ginyin yun bezwen espesiyal pou akomodasiyon pou yo patisipe nan pwogram sa-s dwe, nan yun tan rezonab avan ninpot aranjman kapab fet, yo dwe kontakte Administrative Office of the Court, ki nan nimero 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740 oubyen 1-800-955-8771 (T.D.D.) ouyen 1-800-955-8770 (V) an pasan pa Florida Relay Service.

En accordance avec la Loi des "Americans with Disabilities". Les personnes en besoin d'une accommodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d' entreprendre aucune autre demarche, contacter l'office administrative de la Court situe au 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740 ou 1-800-955-8771 (TDD) ou 1-800-955-8770 (V) via Florida Relay Service.

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en este procedimiento deberan, dentro de un tiempo rasonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740, 1-800-955-8771 (TDD), o' 1-800-955-8770 (V), via Florida Relay Service."

Filing #.138876621 E-Filed 11/19/2021 11:05:57 AM

## RETURN OF SERVICE

**State of Florida**        **County of BROWARD**       **Circuit Court**

Case Number: CACE21-018302

Plaintiff:
CHANTALL WILLIAMS

vs.

Defendant:
SPIRIT AIRLINES, INC.

For:
CHRISTOPHER RUSH
CHRISTOPHER J. RUSH & ASSOCIATES, PA
1880 N CONGRESS AVE
BOYNTON BEACH, FL 33426

Received by OJF SERVICES, INC. on the 17th day of November, 2021 at 8:02 am to be served on SPIRIT AIRLINES, INC. C/O CORPORATION SESRVICE COMPANY, AS REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

I, INA MATHERS, do hereby affirm that on the 18th day of November, 2021 at 10:56 am, I:

Served the within named **CORPORATION** by delivering a true copy of the **SUMMONS, AMENDED COMPLAINT, REQUEST TO PRODUCE, AND INTERROGATORIES** with the date and hour of service endorsed thereon by me to **CORPORATION SERVICE COMPANY as REGISTERED AGENT at the address of 1201 HAYS STREET, TALLAHASSEE, FL 32301**, by serving **SHEENA BLACK as ASSOCIATE CUSTOMER SERVICE ASSOCIATE** authorized to accept service for registered agent.

I certify that I am over the age of 18, have no interest in the above action, and that I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served, "under the penalty of perjury", I declare that I have read the foregoing (document) and that the facts stated in it are true. 92.525.

INA MATHERS
Certified Process Server #260

OJF SERVICES, INC.
13727 S.W. 152ND ST.
PMB# 354
MIAMI,, FL 33177
(954) 929-4215

Our Job Serial Number: OJF-2021020169
Ref: 20169

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Filing # 137668018 E-Filed 11/01/2021 04:26:48 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY FLORIDA

CASE NO. CACE-21-018302

CHANTALL WILLIAMS,

    Plaintiffs,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to
do business in the State of Florida,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the below-named Defendant:

**SPIRIT AIRLINES, INC.**
**By Serving:  CORPORATION SERVICE COMPANY, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

## IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after the date of service of this Summons is served on you to file a written response to the attached Complaint with Clerk of the County Court, Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney anyway. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

Page 1 of 4

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 11/01/2021 04:26:45 PM.****

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Christopher J. Rush, Esquire
Christopher J. Rush & Associates, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com; eservice@crushlawfl.com

NOV 02 2021

DATED: _____

BRENDA D. FORMAN
CLERK OF THE COURT

By: _____
Deputy

BRENDA D. FORMAN

Page 2 of 4

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo do esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telfonica no lo protegra. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propicdadcs, o privado dc sus dcrcchos, sin prcvio aviso dcl tribunal. Existcn otros rcquisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea reponder a la demanda por au cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la perona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des pousuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consectifs a partir del la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat   ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## AMERICANS WITH DISABILITIES ACT

Pursuant to Administrative Order No. 2.031-6/93 all communications noticing court proceedings shall include the language stated below.  Please use the following statement set forth in English, Creole, French and Spanish.  Please attach this statement to the original pleading and to one copy of service.

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740, 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay System.

Dapre' ako ki get avek Americans with Disability Act, tout moun ki ginyin yun bezwen espesiyal pou akomodasiyon pou yo patisipe nan pwogram sa-s dwe, nan yun tan rezonab avan ninpot aranjman kapab fet, yo dwe kontakte Administrative Office of the Court, ki nan nimero 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740 oubyen 1-800-955-8771 (T.D.D.) ouyen 1-800-955-8770 (V) an pasan pa Florida Relay Service.

En accordance avec la Loi des "Americans with Disabilities".  Les personnes en besoin d'une accommodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d' entreprendre aucune autre demarche, contacter l'office administrative de la Court situe au 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740 ou 1-800-955-8771 (TDD) ou 1-800-955-8770 (V) via Florida Relay Service.

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en este procedimiento deberan, dentro de un tiempo rasonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, 201 SE 6th Street, Fort Lauderdale, FL 33301, telephone (954) 831-7740, 1-800-955-8771 (TDD), o' 1-800-955-8770 (V), via Florida Relay Service."