UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:21-CV-62522-AHS

CHANTALL WILLIAMS,

    Plaintiff,

vs.

SPIRIT AIRLINES, INC.,
a Delaware corporation authorized to do
business in the State of Florida,

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, CHANTALL WILLIAMS, by and through her undersigned attorneys, and hereby files her Second Amended Complaint against the Defendant, SPIRIT AIRLINES, INC., a Delaware corporation authorized to do business in the State of Florida, and alleges:

1. This is a proceeding for declaratory and injunctive relief and monetary damages to redress deprivation of rights secured to Plaintiff, CHANTALL WILLIAMS, by the Civil Rights Act, 42 U.S.C. § 1981 for all available relief thereunder, including attorney's fees and costs pursuant to 42 U.S.C. § 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and § 1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure relief under 42 U.S.C. § 1981.

2. This is also an action for breach of contract to pay wages.

3. Plaintiff was employed since September 2013 by Defendant, SPIRIT AIRLINES, INC.

4. Plaintiff's performance at Defendant was always commendable.

5. Plaintiff is an African American.

6. Defendant is a Delaware corporation authorized to do business in the State of Florida and was doing business at all times material hereto as an airline in Broward County, Florida.

7. At all times material hereto, Defendant was an employer subject to the requirements of 42 U.S.C § 1981.

8. Plaintiff was employed by the Defendant as a ticket agent. The majority of her management team were of Spanish Latin descent.

9. Plaintiff had many years of competent service with Defendant.

10. Plaintiff was accused by Defendant as a no call, no show. In fact, Plaintiff, on the occasion in question, did show (although late) and did call.

11. In any event Plaintiff was terminated, even though under Defendant's own point system, Plaintiff fell short of the number of points required to terminate an employee.

12. Many non African American Latino employees committed more numerous and more serious violations of the no call, no show policy who were not terminated by their non African American Latino superiors in management.

13. Those Latin American co-employees of Plaintiff were Carlos Zarate Apario and Angela Hobbins, who both committed more serious violations of the same no call, no show policy and who were not terminated.

## COUNT I:  DISCRIMINATION TERMINATION IN VIOLATION OF U.S.C. § 1981

14. Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

15. Plaintiff was terminated in late January 2020.  Defendant contended it terminated Plaintiff based upon the no call, no show attendance policy.  Plaintiff alleges herein she was discriminated because of her race in violation of her race African American, in violation of 42 U.S.C. § 1981, as amended.

16. Plaintiff's management was largely Latin Latino and of Spanish descent.  Plaintiff's termination based upon the alleged aforesaid policy violation was a pretext and was a result of management's discrimination against African Americans.

17. The decision to terminate Plaintiff for an alleged violation of work rules was motivated by Plaintiff's race and Plaintiff's race was a substantial motivating factor in unequal application of discipline which resulted in Plaintiff's termination.  As a result and proximate cause of said illegal discrimination and termination, Plaintiff has been damaged and incurred losses as follows;

   a. mental pain and suffering, past, present and future;

   b. humiliation and stress relative to this stigma of termination;

   c. a first time mark on her criminal record;

   d. loss of income, past, present and future;

   e. impairment to earning capacity; and

   f. loss of employee benefits, past, present and future.

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, respectfully requests entry of a judgment against Defendant, SPIRIT AIRLINES, INC., for damages, attorney's fees and costs

pursuant to 42 U.S.C § 1981, trial by jury, and any and all other equitable and injunctive relief deemed necessary to bring Defendant in compliance with 42 U.S.C § 1981, including reinstatement and an award of punitive damages for the clear, willful, wanton, and intentional nature of Defendant's intentionally discriminatory conduct.

## COUNT II: BREACH OF CONTRACT TO PAY WAGES

18. Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.[1]

19. According to Defendant's Little Yellow Book provided to each and every employee, including Plaintiff, at the commencement of employment, a certain agreement was placed in writing regarding payment of hours over 40 hours a week. Pursuant to said agreement proffered by Defendant to Plaintiff at the commencement of employment, Defendant agreed to pay its hourly team members one and one half times their regular rate of pay for hours worked in excess of 40 hours in one workweek. This was a term and condition of employment set forth within a Defendant created handbook. A copy of the Defendant's Little Yellow Book is attached hereto as **Exhibit A**.

20. The same handbook expressly notes that employees of air carriers are exempt from FLSA requirements. Nonetheless, on the same page Defendant indicates that Defendant will pay hourly employees one and one half times their hourly rate. This is an express waiver of this exemption and the FLSA.

21. For the last four years of her employment, Plaintiff worked a total of 42.5 hours per week but was never compensated for the 2.5 hours over 40 hours.

---

[1] This is not an action seeking damages for future income losses occurring after termination or for terminating Plaintiff without cause. This action seeks unpaid wages for hours worked prior to discharge under a pay plan established by Defendant at commencement of employment.

22. Defendant's refusal to pay pursuant to its own contractual agreement and/or wage policies is a substantial material breach of its agreement to pay its hourly team members one and one half times their regular rate of pay for hours worked in excess of 40 hours in one workweek. In fact, Plaintiff was not paid any compensation for the 2.5 hours. As a consequence of the Defendant's material substantial breach, Plaintiff has not been paid for all hours worked.

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, demands judgment against the Defendant, SPIRIT AIRLINES, INC., for the payment of all hours at one and one half times her regular rate of pay due her for the hours worked by her for which she has not been properly compensated, reasonable attorney's fees and costs of this lawsuit pursuant to F.S. § 408.08, and for such other and further relief as this Court deems just and proper.

## COUNT III: CLAIM FOR MINIMUM WAGE UNDER STATE LAW[2]

23. Plaintiff repeats and realleges Paragraphs 1 through 13 as though same were fully set forth herein.

24. For the last four years of Plaintiff's employment, Plaintiff was not paid for 2.5 hours per week.

25. Defendant's management and supervisors would not allow Plaintiff to take a one half hour meal break. Yet Defendant would, however, deduct one half hour per day for a meal break not actually taken by Plaintiff.

26. As such, Plaintiff remains unpaid for two and one half hours per week for the last four years of her employment with Defendant.

---

[2]This Count seeks, alternatively, a claim for hours worked by Plaintiff for which she has not been paid even at her regular rate.

27. This is an action for wages under Florida state law, and therefore, Plaintiff is entitled to an award of attorney's fees and costs pursuant to F.S. § 408.08.

WHEREFORE, Plaintiff, CHANTALL WILLIAMS, demands judgment against the Defendant, SPIRIT AIRLINES, INC., for the payment of all hours at one and one half times her regular rate of pay due her for the hours worked by her for which she has not been properly compensated, reasonable attorney's fees and costs of this lawsuit pursuant to F.S. § 408.08, and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHANTALL WILLIAMS, demands a trial by jury on all issues so triable.

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com
E-mail: eservice@crushlawfl.com

By  */s/ Christopher J. Rush*
   Christopher J. Rush   (FBN 621706)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher J. Rush*
Christopher J. Rush

**SERVICE LIST**

CASE NO. 0:21-cv-62522-AHS
*Chantall Williams v. SPIRIT AIRLINES, INC.,*
*a Delaware corporation authorized to do business in the State of Florida,*
United States District Court, Southern District of Florida
Fort Lauderdale Division


Miguel A. Morel, Esquire
LITTLER MENDELSON, P.C.
*Counsel for Defendant*
Wells Fargo Center, Suite 2700
333 SE 2nd Avenue
Miami, FL 33131
305-400-7500
305-603-2552 (fax)
E-mail:  mamorel@littler.com; #MiamiECFiling@littler.com; grivas@littler.com; miguelesq@gmail.com